1  WILLIAM S. BRUNSTEN (SBN 60694)
   LAW OFFICES OF WILLIAM S. BRUNSTEN, P.C.
2  11355 West Olympic Boulevard, Ste. 300
   Los Angeles, CA 90064-1614
3  wbrunsten@brunstenlaw.com
   Telephone: (310) 478-3200
4  Facsimile: (310) 478-3213

5

   Attorneys for Defendant Ocean Towers
6  Housing Corporation and Joseph Orlando

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | U.S. BANK NATIONAL                  | Case No. 2:16-cv-06251-DSF-E
   | ASSOCIATION, AS SUCCESSOR           |
12 | TRUSTEE TO BANK OF                  | *Hon. Dale S. Fischer*
   | AMERICA N.A. (SUCCESSOR BY          | *Magistrate Judge Charles F. Eick*
13 | MERGER TO LASALLE BANK              |
   | N.A.), AS TRUSTEE, ON BEHALF        | **NOTICE OF LODING
14 | OF THE HOLDERS OF THE               | RECEIVERSHIP ORDER IN**
   | THORNBURG MORTGAGE                  | ***REACH V. SPAHI,*** **LASC SC124263**
15 | SECURITIES TRUST 2006-2             |
   | MORTGAGE LOAN PASS-                 |
16 | THROUGH CERTIFICATES,               |
   | SERIES 2006-2,                      |
17 |                                     |
   |           Plaintiff,                |
18 |                                     | Discovery Cutoff Date:   07/09/2018
   |   vs.                               | Pretrial Conference Date: 11/02/2018
19 |                                     | Trial Date:              12/17/2018
   | OCEAN TOWERS HOUSING                |
20 | CORPORATION, a California           |
   | corporation; OMAR SPAHI, an         |
21 | individual; JOHN SPAHI, an          |
   | individual; JOSEPH ORLANDO, an      |
22 | individual; and, SEIF ASCAR,        |
   | TRUSTEE OF THE BREEZE               |
23 | TRUST and DOES 1 through 10,        |
   | Inclusive,                          |
24 |                                     |
   |           Defendants.               |
25

26

27

28

                                   1
NOTICE OF LODGING RECEIVERSHIP ORDER IN REACH V. SPAHI LASC SC124263

Pursuant to the Court's order of July 13, 2018, Defendant Ocean Towers Housing Corporation ("OTHC") is hereby lodging the Order Appointing Receiver After Hearing and Preliminary Injunction, entered on July 9, 2018, in the case entitled *Reach v. Spahi, et al.*, LASC SC124263.

OTHC has not filed a copy of said Order bearing interlineations by counsel for OTHC because OTHC's counsel does not have a copy of the Order with the interlineations. The only copy of the interlineated order was given to the Court at the July 13, 2018 hearing in this case.

Dated: July 18, 2018         LAW OFFICES OF WILLIAM BRUNSTEN, P.C


By: /s/ William S. Brunsten
William S. Brunsten
Attorneys for Defendants OCEAN TOWERS HOUSING CORPORATION and JOSEPH ORLANDO

## CERTIFICATE OF SERVICE

I, William S. Brunsten, an attorney, do hereby certify that on July 18, 2018, I electronically filed the foregoing document entitled **NOTICE OF LODGING RECEIVERSHIP ORDER IN REACH V. SPAHI, LASC SC124263** with the Clerk of the Court using the electronic case filing system, which will send notification of such filings to the parties registered with the Court's CM/ECF system.

I further certify that a copy was served by U.S. Mail on July 18, 2018 on the following:

Omar Spahi
12510 W. Fielding Circle, Apt. 6
Los Angeles, California 90094
Telephone: 310-745-0368
Email: ospahi@gmail.com

Dated: July 17, 2018                     /s/ William S. Brunsten
                                         William S. Brunsten

JONATHAN E. ALTMAN (State Bar No. 170607)
jonathan.altman@mto.com
STEPHEN T. MAYER (State Bar No. 298713)
stephen.mayer@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants PETER ALEVIZOS
and SHELDON STEIN

FILED
Superior Court of California
County of Los Angeles

JUL 09 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
       T. Bivins

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

MICHAEL REACH, DERIVATIVELY ON BEHALF OF OCEAN TOWERS HOUSING CORPORATION,

　　　　Plaintiff,

vs.

JOHN SPAHI; JOSEPH ORLANDO; JOSEPH INCAUDO; OMAR SPAHI; DOROTHEA SCHIRO; JANET FULADIAN; SEIF ASCAR, individually and as Trustee of the Ascar Family Trust, dated July 5, 2012; APEX INVESTMENTS GROUP LTD., d/b/a/ APEX INVESTMENTS INC.; CAVOUR PARTNERS LIMITED LLC; ENENSTEIN RIBAKOFF LAVINA & PHAM, A PROFESSIONAL CORPORATION; PATRICK AMBROSE; SHELDON STEIN; KAZUO "KAY" YOSHIKAWA; PETER ALEVIZOS; and DOES 1 to 100, inclusive,

　　　　Defendants.

　　-and-

OCEAN TOWERS HOUSING CORPORATION, a California corporation

　　　　Nominal Defendant.

Case No. SC124263

**ORDER APPOINTING RECEIVER AFTER HEARING AND PRELIMINARY INJUNCTION**

[Assigned for All Purposes]

Judge:　　　　Hon. Lisa Hart Cole
Dept.:　　　　O
Hearing Date:　July 9, 2018
Time:　　　　2:00 PM

Action Filed:　June 3, 2015
Trial Date:　　Not Set

---

ORDER APPOINTING RECEIVER AFTER HEARING AND PRELIMINARY INJUNCTION

Pending before the Court is Nominal Plaintiff's Motion to Appoint a Receiver (the "Motion"). The Court has read and considered the briefing submitted in connection with the motion, and based on the authorities identified therein and on the arguments made by the parties at hearings held on September 6, 2017, September 20, 2017, at an informal working session held on October 6, 2017, at a telephonic conference on June 6, 2018, and after oral argument at a hearings held on June 12 and June 27, 2018, the Court finds in this action between shareholders jointly owning property, on the application of the Nominal Plaintiff, that such property is in danger of being lost, removed, or materially injured under Code of Civil Procedure section 564(b)(1), and further finds a necessity to preserve the property or rights of the parties under Code of Civil Procedure section 564(b)(9), and for good cause shown, ORDERS as follows:

1. **Appointment and Qualification of the Receiver.** Stephen J. Donell is appointed receiver (the "Receiver") for Ocean Towers Housing Corporation ("OTHC") immediately effective upon filing a bond in accordance with Code of Civil Procedure section 567(b) in the sum of $10,000 to secure the faithful performance of his duties as the Receiver, and subject to the OTHC Special Litigation Committee ("SLC") retaining its authority to manage the disposition of this and related litigation, or to transfer the management of the litigation to the Receiver, as set forth in the OTHC Board Resolutions authorizing and empowering the SLC. The Receiver's Oath and Bond shall be filed with this Court on or before July 23, 2018.

The Receiver shall immediately take exclusive possession and control of OTHC and is ordered to care for and preserve OTHC pending disposition of the litigation and/or until further ORDER of the Court, including removing the current Ocean Towers Board of Directors (the "Board"). The Receiver shall have the full powers of an equity receiver and shall solely be the agent of this Court, and as such:

    a. Is neutral;

    b. Acts for the benefit of all who may have an interest in the receivership property, including without limitation secured lenders and OTHC's shareholders;

    c. Holds assets for the Court and not for the plaintiff or the defendant.

2. **No Impairment of Secured Lenders' Rights and Collateral.** Nothing in this Order shall be interpreted to permit the Receiver to impair the collateral or otherwise interfere with the rights of the OTHC's secured lenders under OTHC's loan agreements. The Receiver is ORDERED to manage the OTHC's finances in a way that ensures secured lenders are paid timely while simultaneously protecting the interests of OTHC's shareholders.

3. **Receiver's Fees.** The Receiver may charge OTHC for the Receiver's services at his usual hourly rate and/or the usual rates of the Receiver's staff as stated in the Receiver's earlier-filed declaration.

4. **General Duties.** After qualifying, the Receiver:

    a. Shall take possession of and manage (1) OTHC and OTHC's real property located at 201 Ocean Ave., Santa Monica, CA 90402; (2) all assets, including, but not limited to, Defendants' chattel paper, all collateral accounts, all contracts, all deposit accounts, all real property, all documents, all equipment, all fixtures, all general intangibles, all instruments, all intellectual property, all inventory, all investment property (including without limitation securities), all letter-of-credit rights, all liquid assets, all receivables, all records, all causes of action (subject to the condition that OTHC's SLC retains its authority to manage the disposition of this litigation and related litigation, or to transfer the management of the litigation to the Receiver, as set forth in the OTHC Board Resolutions authorizing and empowering the SLC), and all supporting obligations and all proceeds from any of the foregoing (collectively "Assets"), and all of Defendants' books and records relating thereto, wherever located, as the Receiver deems necessary for OTHC's proper administration; and (3) debts and liabilities of OTHC.

    b. Shall collect income from the Assets.

    c. Shall preserve and protect the Assets wherever located and incur and pay the expenses necessary and proper to preserve and protect OTHC and its shareholders.

    d. Shall take possession of OTHC's bank accounts, wherever located, and receive possession of any money on deposit in said bank accounts, and the receipt by the Receiver for said funds shall discharge said bank from further responsibility for accounting to said account holder for funds for which the Receiver shall give his receipt.

      e.    May, with Court approval following noticed motion, bring or prosecute all proper actions, before any court, board, or other tribunal, to collect monies owed to OTHC, subject to the limitation that OTHC's SLC retains its authority to manage the disposition of this litigation and related litigation, or to transfer the management of the litigation to the Receiver, as set forth in the Board Resolutions authorizing and empowering the SLC.

      f.    May execute and prepare all documents and perform all acts, either in the name of OTHC, as it is applicable, or in the Receiver's own name, which are necessary or incidental to preserving, protecting, managing, and controlling the Assets, although the Receiver must obtain Court approval prior to obtaining any loans or refinancing OTHC's debt.

      g.    May contact each of the accounts receivable debtors of OTHC or third party collection agents of OTHC (together, the "Accounts Receivable Debtors") in order to advise them not to send further accounts receivable payments to OTHC and to instruct the Accounts Receivable Debtors to send any and all payments directly to the Receiver.

      h.    May employ servants, agents, employees, appraisers, guards, clerks, accountants, attorneys, and management consultants to administer OTHC and to protect the Assets, subject to the requirement that any third party property manager hired by the Receiver must be approved by OTHC's secured lenders as set forth in OTHC's loan agreements; to purchase materials, supplies and services and to pay therefore at the usual rate and prices out of funds that shall come into his possession; to pay the reasonable value of said services out of the proceeds of OTHC and its Assets; and that no risk or obligation incurred by said Receiver shall be at personal risk or obligation of the Receiver, but shall be the risk or obligation of the OTHC;

      i.    May change the locks at OTHC and its real property's common areas;

5.    **Prohibited Agreements.** The Receiver shall not enter into an agreement with any party to this action about the administration of the receivership or about any post-receivership matter.

6.    **Inventory.** Within 30 days after qualifying, the Receiver shall file an inventory of all property possessed under this order. The Receiver shall provide a copy of this inventory to OTHC's lenders, Deutsche Bank Trust Company Americas, as Trustee for the Multifamily

Mortgage Pass-Through Certificates Series 2017-KJ15, and U.S. Bank National Association, as Trustee for the Multifamily Mortgage Pass-Through Certificates Series 2011-K14, by and through their servicers (collectively, "OTHC's lenders"), currently represented by the Allen Matkins and Polsinelli law firms.

7. **Expenditures.** The Receiver shall expend money coming into his or her possession to operate and preserve the property and only for the purposes authorized in this order. Unless the court orders otherwise, the Receiver shall to the extent practical hold the balance in interest-bearing accounts in accordance with Code of Civil Procedure section 569.

8. **Monthly Accounting of Receiver's Income, Expenses, and Fees.**

   a. The Receiver shall each month prepare and serve on the parties and OTHC's lenders, but not file, an accounting of the income and expenses incurred in the administration of the receivership property, including the Receiver's fees and expenses.

   b. The Receiver may pay the receiver's own fees and expenses only by the following procedures:

   (1) By serving on all parties a notice of intent to pay to which no objection is served on the Receiver within 20 days of the date the notice is served.

   (2) By serving and filing a request for interim payment, which the court then approves.

   (3) By obtaining and filing an agreement among all the parties approving the payment, which the court then approves.

   (4) By filing the Receiver's final accounting and report, which the court then approves.

   (5) The Receiver shall not reimburse the Receiver for the Receiver's general office administration expenses or overhead without court approval. These expenses include, for example, office supplies and employee payroll, benefits, and taxes.

9. **Management**.

   a. The Receiver shall operate the property and take possession of all accounts relating to the property.

   b. The Receiver may:

      (1)    employ agents, employees, clerks, accountants, and property managers to administer the receivership property subject to the rights of the secured lenders, and subject to the requirement that any third party property manager hired by the Receiver must be approved by OTHC's secured lenders as set forth in OTHC's loan agreements, and

      (2)    purchase materials, supplies, and services reasonably necessary to administer the receivership property.

    c.    The Receiver may do all the things, and incur the risks and obligations, ordinarily done or incurred by owners of businesses and property similar to that possessed by the Receiver; except the Receiver shall not make any capital improvements to the property without prior Court approval.

10.    **Bank Accounts.**  The Receiver:

    a.    May establish accounts at any financial institutions insured by an agency of the United States government that are not parties to this proceeding;

    b.    Shall deposit in those accounts funds received in connection with the receivership property; and

    c.    Shall deposit in interest-bearing accounts money not expended for receivership purposes.

    d.    May use OTHC's Taxpayer Identification Number ("TIN" or "EIN").

11.    **Court Instructions.**  The Receiver and the parties may at any time apply to this court for further instructions and orders and for additional powers necessary to enable the Receiver to perform the Receiver's duties properly.

12.    **Insurance.**

    a.    The Receiver shall determine upon taking possession of the property whether there is sufficient insurance coverage.

    b.    The Receiver shall notify the insurer that the Receiver is to be named as an additional insured on each insurance policy on OTHC and its property.

    c.    If the Receiver determines that OTHC does not have sufficient insurance coverage, the Receiver shall immediately notify the parties and shall procure sufficient all-risk and liability insurance on OTHC's property (excluding earthquake and flood insurance).

d. If the Receiver does not have sufficient funds to obtain insurance, the Receiver shall seek instructions from the court on whether to obtain insurance and how it is to be paid for.

13. **Employment of Attorneys.**

   a. The Receiver may employ unlawful detainer attorneys and eviction services without a court order.

   b. Before employing counsel not identified in Section 13(a) above, the Receiver shall apply to the court for an order.

   c. Nothing in this Section 13 should be read to conflict with or invalidate the Court's ORDER that the OTHC SLC retains its authority to manage the disposition of this litigation and related litigation, or to transfer the management of the litigation to the Receiver, as set forth in the OTHC Board Resolutions authorizing and empowering the SLC.

14. **Taxpayer ID Numbers.** The Receiver may use any federal and state taxpayer identification numbers relating to the property for any lawful purpose.

15. **Duty To Turn Over Possession.** Upon receipt of a copy of a recorded trustee's deed upon foreclosure, the Receiver shall, without further order of the court, turn over possession of the property to the party that successfully recorded the deed.

16. **Receiver's Final Report and Account and Discharge.**

   a. *Motion required.* Discharge of the Receiver shall require a Court order upon noticed motion for approval of the Receiver's final report and account and exoneration of the Receiver's bond.

   b. *Time.* Not later than 60 days after the receivership terminates, the Receiver shall file, serve, and obtain a hearing date on a motion for discharge and approval of the final report and account.

   c. *Notice.* The Receiver shall give notice to all persons of whom the Receiver is aware who have potential claims against the receivership property.

   d. *Contents of motion.* The motion to approve the final report and account and for discharge of the Receiver shall contain the following:

-7-
ORDER APPOINTING RECEIVER AFTER HEARING AND PRELIMINARY INJUNCTION

      (1)   *Declaration or declarations.* A declaration or declarations: (i) stating what was done during the receivership, (ii) certifying the accuracy of the final accounting, (iii) stating the basis for the termination of the receivership (such as foreclosure or reinstatement), and (iv) stating the basis for an order for the distribution of any surplus or payment of any deficit.

      (2)   *Accounting summary.* A summary of the receivership accounting, which shall include (i) the total revenues received, (ii) the total expenditures identified and enumerated by major categories, (iii) the net amount of any surplus or deficit, and (iv) evidence of necessary supporting facts.

17.   **Bankruptcy–Nominal Plaintiff's Duty to Give Notice.** The Receiver must obtain court approval prior to filing for bankruptcy. If any party files an involuntary bankruptcy case against OTHC during the receivership, the Nominal Plaintiff shall give notice of the bankruptcy case to the Receiver, to the Court, and to all parties three (3) business days after the day on which Nominal Plaintiff receives notice of the bankruptcy.

18.   **Bankruptcy—Receiver's Duties.** If the Receiver receives notice that an involuntary bankruptcy has been filed and part of the bankruptcy estate includes property that is the subject of this order, the Receiver shall have the following duties:

    a.   *Turn over property if no relief from stay will be sought.* The Receiver shall immediately contact the Nominal Plaintiff and SLC to determine whether either party intends to move in the bankruptcy court for an order for (1) relief from the automatic stay, and (2) relief from the Receiver's obligation to turn over the property (11 U.S.C., § 543). If neither party intends to make such a motion, the Receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession and otherwise comply with 11 United States Code section 543.

    b.   *Remain in possession pending resolution.* If either the Nominal Plaintiff or the SLC intends to seek relief immediately from both the automatic stay and the Receiver's obligation to turn over the property, the Receiver may remain in possession and preserve the property pending the ruling on those motions

(11 U.S.C., § 543(a)). The Receiver's authority to preserve the property shall be limited as follows:

  (1)  The Receiver may continue to collect rents and other income;

  (2)  The Receiver may make only those disbursements necessary to preserve and protect the property;

  (3)  The Receiver shall not execute any new leases or other long-term contracts; and

  (4)  The Receiver shall do nothing that would effect a material change in the circumstances of the property.

  c. *Turn over property if no motion for relief is filed within 10 days after notice of the bankruptcy.* If either the Nominal Plaintiff or the SLC fails to file a motion within 10 court days after his or her receipt of notice of the bankruptcy filing, the Receiver shall immediately turn over the property to the appropriate entity—either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession—and otherwise comply with 11 United States Code section 543.

  d. *Retain bankruptcy counsel.* The Receiver may petition the court to retain legal counsel to assist the Receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

19. **Failure to Turn Over Property.** A Receiver who fails to turn over the property in accordance with this order shall not be paid for time and expenses after the date the Receiver should have turned the property over.

20. **Preliminary Injunction.** The Court ORDERS Defendants to do the following:

  a. **Turn over property.** Immediately turn over possession of OTHC and its Assets as described above to the Receiver when the appointment becomes effective, including any security deposits, prepaid rent, other rental or lease payments, and funds in property management bank accounts for the property.

  b. **Turn over related items.** Immediately turn over to the Receiver all keys, books, documents, and records relating to the property and advise the Receiver of federal taxpayer identification numbers relating to the property.

  c. **Insurance**.

    (1) Immediately advise the Receiver about the nature and extent of insurance coverage on the property;

    (2) Immediately name the Receiver as an additional insured on each insurance policy on the property; and

    (3) DO NOT cancel, reduce, or modify the insurance coverage.

  d. **Restraints.**  The Court ORDERS Defendants to refrain from:

    (1) committing or permitting any waste on the property or any act on the property in violation of law or removing, encumbering, or otherwise disposing of any of the fixtures on the property;

    (2) demanding, collecting, or in any other way diverting or using any of the rents from the property attributable to OTHC;

    (3) interfering in any manner with the discharge of the Receiver's duties under this order, including by using any voting shares attributable to any Defendant or affiliate of any Defendant to block proposals submitted to the shareholders by the Receiver;

    (4) filing any petition or declaration of bankruptcy on behalf of OTHC without prior approval from the Court;

    (5) selling, transferring, disposing, encumbering, or concealing the property without a prior court order; and

    (6) doing any act that will impair the preservation of the property or plaintiff's interest in the property.

21. **THE COURT FURTHER ORDERS PLAINTIFF** to immediately file a preliminary injunction bond under Code of Civil Procedure section 529 in the amount of: $2,500.

22. **THE COURT FURTHER ORDERS** that, immediately upon filing of the Receiver's Oath and Bond, the Receiver shall notice and hold an election for new OTHC board members to replace the current board at the earliest possible date under and in conformity with applicable California law and the OTHC bylaws. The Receiver shall hold this election within four months of his appointment. If the Receiver requires more time to notice and hold the election for any reason, the Receiver may inform the Court of the reason for the delay and request additional time. The Receiver may disqualify candidates in this election as well as current Board members from service based on any failure to comply with the OTHC bylaws, including without limitation failure to meet the requirements of a "Qualified Director" as set forth in those bylaws. The Receiver shall notify the Court immediately after the completion of this election, and shall attempt to arrange a conference with the Court at the earliest possible date to consider, in light of the election, whether the Receiver should be terminated and the operation and management of OTHC

returned to OTHC's Board. An order to show cause as to why the receivership should not be terminated is hereby scheduled for November 6, 2018, 10:00 a.m. in Dept. O of the Santa Monica Courthouse.

23.    **THE COURT FURTHER ORDERS** that there shall be a 120-day stay on this matter.

**IT IS SO ORDERED.**

DATED: July 9 2018

_____
Hon. Lisa Hart Cole

-11-
ORDER APPOINTING RECEIVER AFTER HEARING AND PRELIMINARY INJUNCTION